IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BERNARD JOSEPH CHORNE,                    3:12-cv-01533-BR

       Plaintiff,                        OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

       Defendant.


GEORGE J. WALL
1336 E. Burnside
Suite 130
Portland, OR 97214
(503) 236-0068

       Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Bernard Joseph Chorne seeks judicial review of a
final decision of the Commissioner of the Social Security
Administration (SSA) in which she denied Plaintiff's application
for Supplemental Security Income (SSI) payments under Title XVI
of the Social Security Act.[2]

      This Court has jurisdiction to review the Commissioner's
decision pursuant to 42 U.S.C. § 405(g).  For the reasons that
follow, the Court **REVERSES** the decision of the Commissioner and
**REMANDS** this matter pursuant to sentence four of 42 U.S.C.
§ 405(g) for further administrative proceedings consistent with

---

    [2]  The record reflects Plaintiff also filed a Title II
application for Supplemental Security Income on April 1, 2009,
which was initially denied and which Plaintiff did not pursue
further.  Tr. 15.

2  -  OPINION AND ORDER

this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed his application for SSI on April 1, 2009. Tr. 15, 141.  Plaintiff's last date insured was June 30, 2000. Tr. 15.  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 17, 2011.  Tr. 15.  At the hearing Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  Tr. 15.

The ALJ issued a decision on March 9, 2010, in which she found Plaintiff is not entitled to benefits.  Tr. 27.  That decision became the final decision of the Commissioner on March 9, 2011, when the Appeals Council denied Plaintiff's request for review.  Tr. 1.

## BACKGROUND

Plaintiff was born on February 4, 1955, and was 56 years old at the time of the hearing.  Tr. 169.  Plaintiff completed high school.  Tr. 211.  Plaintiff has past relevant work experience as a production assembler/helper.  Tr. 20, 43, 50.

Plaintiff alleges disability since January 1, 1996, due to bipolar disorder.  Tr. 84, 205.

Except when noted, Plaintiff does not challenge the ALJ's

3  -  OPINION AND ORDER

summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 18-20, 23-26.

## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate his
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for
a continuous period of not less than 12 months."  42 U.S.C.
§ 423(d)(1)(A).  The ALJ must develop the record when there is
ambiguous evidence or when the record is inadequate to allow for
proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d
881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d
453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a "mere scintilla" of evidence
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Keyser v. Comm'r of Soc. Sec. Admin.*, 648
F.3d 721, 724 (9th Cir. 2011).  *See also Parra v. Astrue*, 481

F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of

a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).

## II.  Evaluation of Drug and Alcohol Abuse

A claimant is not considered disabled if drug addiction or
alcoholism is a contributing factor material to the determination
of disability.  42 U.S.C. § 1382c(a)(3)(J).  *See also Monan v.
Astrue*, 377 F. App'x 629, 630 (9th Cir. 2010).  Substance abuse
is a material factor when the claimant's limitations would not be
disabling if the claimant stopped using drugs or alcohol.  20
C.F.R. § 416.935(b).

Thus, if the claimant is found to be disabled and there is
medical evidence of substance abuse, the ALJ must determine
whether drug addiction or alcoholism "is a contributing factor
material to the determination of disability."  20 C.F.R.
§ 416.935(a).  To assess the materiality of drug or alcohol
abuse, an ALJ must first conduct the five-step inquiry without
distinguishing the separate impact of alcoholism or drug
addiction.  *Parra*, 481 F.3d at 747 (citing *Bustamante v. Astrue*,
262 F.3d 949, 954 (9th Cir. 2001)).

If the ALJ finds the claimant is not disabled under the
five-step inquiry, the claimant is not entitled to benefits.  If
the ALJ finds the claimant is disabled and there is medical

evidence of his drug addiction or alcoholism, the ALJ should proceed under § 416.935 to determine whether the claimant would be disabled if he stopped using alcohol or drugs. *Bustamante*, 262 F.3d at 955 (internal quotation omitted). *See also Parra*, 481 F.3d at 746-47.  The ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling."  20 C.F.R. § 416.935(b)(2).  *See also Parra*, 484 F.3d at 474.  In other words, the ALJ must perform the sequential five-step inquiry a second time without taking the claimant's substance abuse into account to determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability."  20 C.F.R. § 416.935(a).

The claimant's substance abuse is a "contributing factor material" to the disability determination when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol.  20 C.F.R. § 416.935(b).  If substance abuse is a "contributing factor material" to the disability determination, a claimant is not considered disabled. 42 U.S.C. § 1382c(a)(3)(J).  *See also Parra*, 481 F.3d at 746.  In such materiality determinations, "the claimant bears the burden

to prove that drug addiction or alcoholism is not a contributing factor material to his disability."  *Id.*

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since January 1, 1996, his alleged onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of alcohol dependence, personality disorder with antisocial traits, affective disorder and cannabis abuse. Tr. 18.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 18.  The ALJ found, "based on all of the impairments, including alcohol/substance abuse disorders, [Plaintiff] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  [Plaintiff] is not going to carry out and follow any type of instruction on a consistent basis."  Tr. 19.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 20.

At Step Five the ALJ concluded there are not any jobs in significant numbers in the national economy that Plaintiff can

perform considering Plaintiff's age, education, work experience, and RFC based on all of his impairments, including his substance-abuse disorders.  Tr. 21.

In accordance with 20 C.F.R. § 416.935(a), the ALJ then performed the sequential analysis a second time.  After considering only the impairments and limitations that would remain if Plaintiff stopped using drugs and alcohol, the ALJ found Plaintiff's impairments did not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 354.  The ALJ again found Plaintiff would have the RFC to perform a full range of work at all exertional levels if he stopped abusing substances with the exception of being limited to "routine repetitive instructions and tasks as well as brief, infrequent and superficial coworker conduct."  Tr. 23.

At Step Four the ALJ concluded Plaintiff would be able to perform his past relevant work as a production assembler/helper if he stopped abusing substances.  Tr. 26.  Thus, the ALJ concluded Plaintiff is ineligible for benefits because substance abuse disorder is a contributing factor material to Plaintiff's disability.  Tr. 27.


## DISCUSSION

Plaintiff contends the ALJ erred when she improperly rejected the opinion of examining physician Alford Karayusuf,

M.D.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).  Generally, the more consistent an opinion is with the record as a whole, the more weight an opinion should be given.  20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining

physician's opinion can constitute substantial evidence if it is
supported by other evidence in the record.  *Id.* at 600.

Dr. Karayusuf performed a consultative examination of
Plaintiff for Disability Determination Services (DDS)[3] on
December 8, 2007.  Tr. 253.  Dr. Karayusuf diagnosed Plaintiff
with alcohol dependence "in very tenuous remission"; cannabis
dependence in long-term remission; bipolar disorder "mixed,
currently presenting with mild pressured and flight of ideas."
Tr. 255.  Dr. Karayusuf concluded "[Plaintiff] is able to
understand, retain, and follow instructions.  He is restricted to
brief, superficial, infrequent interactions with fellow workers,
supervisors, and the public.  Within these parameters he is able
to maintain pace and persistence."  Tr. 256.  The ALJ noted
Dr. Karayusuf's conclusions, gave Dr. Karayusuf's opinion "great
weight]," and found Dr. Karayusuf's opinion was "consistent with
that of Dr. Bryan, the medical record as a whole and the opinions
of the state agency examiners."  Tr. 24.

James E. Bryan, Ph.D., ABPP-CN, another examining physician,
performed a consultative examination of Plaintiff for DDS on
September 16, 2010.  Tr. 24, 490.  At that time Plaintiff had
been sober for two months.  Tr. 24, 495.  Dr. Bryan diagnosed

---

[3] DDS is a federally-funded state agency that makes
eligibility determinations on behalf and under the supervision of
the Social Security Administration pursuant to 42 U.S.C.
§ 421(a).

13 - OPINION AND ORDER

Plaintiff with alcohol dependence "in early full remission, in a
controlled environment"; adjustment disorder with depressed mood;
and personality disorder, "NOS, provisional by history."
Tr. 499.  Dr. Bryan also completed a "Medical Source Statement of
Ability to Do Work-Related Activities (Mental)" in which he
concluded Plaintiff was "mildly limited" in his ability to
understand, to remember, and to carry out complex instructions;
to make judgment on complex, work-related decisions; to interact
with supervisors, co-workers; and to respond appropriately to
usual work situations and changes in a routine work setting.
Tr. 501-02.  The ALJ found Dr. Bryan's opinion was "consistent
with objective testing, the medical record and opinions of the
state agency examiners," and, therefore, the ALJ gave "great
weight" to Dr. Bryan's opinion.  Tr. 24.  When the ALJ formulated
Plaintiff's RFC, however, she adopted limitations "[i]n an
abundance of caution . . . to account for [Plaintiff's] diagnosed
personality disorder and complaints of difficulties getting along
with others."  Tr. 24.

    As noted, the ALJ found Dr. Karayusuf's opinion was
consistent with the DDS examiners opinions.  Tr. 24.  The ALJ
noted the DDS examiners opined Plaintiff retains sufficient
mental capacity to concentrate on, to understand, to remember,
and to carry out routine, repetitive instructions and could have
brief, infrequent, and superficial contact with coworkers.

14 -  OPINION AND ORDER

Tr. 25, 273.  The DDS examiners also opined Plaintiff's "ability to handle supervision would not be significantly limited." Tr. 273.  The ALJ gave the DDS examiners' opinions "significant weight" because they were consistent with the medical record, objective testing, and Dr. Bryan's opinion.  Tr. 25.

Plaintiff contends even though the ALJ stated she gave Dr. Karayusuf's opinion "great weight," the ALJ actually disregarded Dr. Karayusuf's opinion and erred by omitting from Plaintiff's RFC a limitation as to Plaintiff's ability to interact with supervisors without providing sufficient reasons for doing so.  As noted, Dr. Karayusuf opined Plaintiff should also be restricted to "brief, superficial, infrequent interactions" with supervisors, Dr. Bryan opined Plaintiff's ability to interact with supervisors is "mildly limited," and the DDS examiners opined Plaintiff's ability is "not significantly limited" in this area.  Tr. 273.  The ALJ, however, did not note these differences of opinion in her decision nor did she explain why, despite giving "great weight" to Dr. Karayusuf's opinion, she determined in her evaluation of Plaintiff's RFC that Plaintiff is limited only in his ability to interact with co-workers and not supervisors.

The Court concludes on this record that the ALJ erred when she rejected Dr. Karayusuf's opinion with respect to Plaintiff's ability to interact with supervisors because the ALJ did not

provide legally sufficient reasons supported by substantial
evidence in the record for doing so.

### REMAND

When "the Commissioner fails to provide adequate reasons for
rejecting the opinion of a treating or examining physician, [the
Court] credit[s] that opinion as a matter of law." *Lester v.
Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Here, however, there
are conflicting opinions, and the ALJ does resolve the conflict
nor provide legally sufficient reasons supported by substantial
evidence in the record for omitting from her assessment of
Plaintiff's RFC the limitations set out in those opinions.

Having found the ALJ erred when she improperly omitted the
limitations noted by Dr. Karayusuf in her assessment of
Plaintiff's RFC without providing legally sufficient reasons for
doing so, the Court must determine whether to remand this matter
for further proceedings or to remand for the immediate
calculation of benefits.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *See, e.g.*, *Brewes v. Comm'r Soc.
Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012).  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would

16 - OPINION AND ORDER

serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

On this record the Court concludes further proceedings are necessary. As noted, the ALJ is responsible for resolving conflicts and ambiguities in the medical evidence. Accordingly, the Court remands this matter for further proceedings to allow the ALJ to determine whether, in her assessment of Plaintiff's RFC, Plaintiff has additional limitations; to provide reasons supported by substantial evidence in the record for the limitations and medical opinions accepted or rejected; and to determine whether Plaintiff can return to his past relevant work

or is capable of performing other work that exists in significant numbers in the national economy.

**CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 7th day of October, 2013.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

18 -  OPINION AND ORDER